Kilty, Chancellor.
The penalty of the injunction bond, 2000 dollars, is not sufficient. It should be double the amount of the debt which is £600 and the interest thereon, excepting what has been paid.
After which another bond was filed and submitted.
4th April, 1821. — Kilty, Chancellor. — Thepenaltyoftheinjunction bond now filed is still insufficient. The interest after deducting the payments made is nearly 1516 dollars. The penalty should be double the aggregate of principal and interest, and the safest way is to make it somewhat more. When the injunction issues it will only be to stay the execution, and not to prevent the having a trial or obtaining a judgment, (a)
*567 After which a proper and sufficient bond having been filed and approved, an injunction was granted as prayed, and issued accordingly.
The defendant Gilbert sent a paper purporting to be his answer by mail "directed to the Chancellor; which, although not sworn to, was filed, on the 28th of December 1824, as the defendant’s answer. In the month of March 1825 the plaintiff Billingslea was taken with a severe illness, and his health continued from that time to be very bad, he being often confined to his bed, and his mind becoming very much impaired,, until the following month of December, when he died. At the July term of the year 1825, the defendant entered upon the docket notice of a motion to dissolve the injunction at the next term, unless cause shewn; and accordingly, after the fourth day of the then next succeeding term, no one appearing to shew cause, it was dissolved under the rule. After which, on the 10th of July 1827, it appears by an entry on the docket, that the suit was dismissed by order .of the complainant’s solicitor. On the 7th of April 1829 Elizabeth Billingslea, as administratrix of the late plaintiff, filed her petition, "on oath, stating these circumstances, and averring, that the dissolution of the injunction had been obtained by fraudulent practices, and praying that it and the suit might be reinstated; and for general relief.
7th April, 1829. — Blast,-Chancellor.—Ordered, that the matter of this petition stand for hearing on the 24th instant; and that the parties be permitted to take testimony before any justice of the peace to be read at the hearing on giving two days’ notice as usual; and it is further ordered, that the injunction in the petition mentioned be and the same is hereby revived until the said hearing or further order. Provided, that a copy of this order, together with a copy of the petition be served on Jarvis Gilbert on or before the fourteenth instant.
After which the case was again brought before the court.
27th April, 1829. — Bland, Chancellor. — The matter of the petition of Elizabeth Billingslea standing ready for hearing, and the solicitors of the parties having been fully heard, the proceedings were read and considered.
There can be no doubt, that the answer of a defendant may be received by consent without oath. It is every day’s practice to do so: but the consent of the plaintiff must be expressly given in *568 writing by himself or his solicitor; or it must be shewn as a necessary inference from some act of his which clearly implies, that he knew a paper purporting to be an answer, not sworn to, had been filed. As in this case, if the plaintiff had appeared on the notice of motion to dissolve the injunction and opposed it, without objecting to the answer on account of its not having been sworn to, he would have been precluded from making such an objection at any time thereafter; because of the manifest waiver of his right to have an answer on oath. But this defendant did not appear in opposition to the motion to dissolve the injunction ; and it has not been shewn that he ever, either expressly or impliedly, consented to receive the defendant’s answer to his bill without its being verified by an oath.
At the time when the notice of the motion to dissolve the injunction was entered on the docket, and, from that time until it was made absolute, it appears, that the plaintiff was in a state of health, which rendered it at least doubtful, whether he could have bound himself by any consent in relation to this suit; or have attended to it with that judgment and discretion which men usually pay, and ought to be permitted to bestow upon their own affairs.(a) Therefore upon consideration of ah the circumstances, I am of opinion, that the dissolution of the injunction was irregularly and improperly obtained. The suit having abated after that time by the death of the plaintiff, the docket entry, that it was dismissed by order of the complainant’s solicitor, is manifestly erroneous; because there was then, in fact, no such suit depending which could have been so dismissed. But, even if there had been a suit depending, a general dismissal, without saying any thing of the injunction, would not have amounted to a dissolution of it; nor would the death of either party, by which the suit became abated, operate as a dissolution of the injunction.(b)
Whereupon it is ordered, that the injunction heretofore granted be and the same is hereby revived and reestablished in full force until further order. And the defendant, the petitioner, or the legal representatives of the late plaintiff upon whom his interest in the suit has devolved, are hereby permitted, without prejudice from this order or any proceedings heretofore had in this suit, either to revive the *569 same, or to have the injunction properly and regularly dissolved according to the course of this court.
After which the suit was regularly revived by bill; and the case was referred to arbitrators, who returned an award, upon which, on the 6th of August 1832, a final decree was. passed, which closed the case.

 Yance v. Short. — 1788.—Answer filed; rule on the plaintiff to shew cause on the first day of July next why he should not give better security to prosecute his injunction with effect. Also notice of motion to dissolve the injunction next court.— Chan. Proc. lib. S. H. H. let. B. fol. 354.
Sweeny v. Rodgers. — 1790.—Rule on the complainant to file a new bond with sufficient surety by the 18th of October next, or the injunction be dissolved. — Chan. Proc. lib. S. H. H. let. C. fol. 400.
Onion v. McComas, — MS. 1812. — Kilty, Chancellor. — Where the surety in an injunction bond is, or has become insufficient, as being an infant or having become insolvent, the court will order new security, or that the injunction be dissolved; and, if the court has been imposed on, no time will be allowed to give new security. Such matter may be enquired into by allowing testimony to he taken, and appointing a day for hearing.
Whitney v. Muschet, MS. 1808. — Kilty, Chancellor. — An injunction bond to stay proceedings at law should state the term at which the judgment was obtained.
Counselman v. Gaither, MS. 1810. — Kilty, Chancellor. — Ordered that, instead of an injunction bond, on the money appearing to he due by the execution issued, being paid to the register, which he is directed to receive and deposit in the usual manner, an injunction be issued as prayed.

 Kemp v. Squire, 1 Ves. 206.

 Griffith v. Bronaugh, ante, 547.